## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Mehran Mehryar

November 15, 2000

Case No. (Criminal) 92053

BY JUDGE JANE MARUM ROUSH

This matter came before the Court on September 15, 2000, for a hearing on the defendant's "Motion for Clarification and Proper Implementation of the Restitution Part of the Sentencing Order." In his motion, Mehran Mehryar challenges the practice of the Clerk of the Circuit Court in assessing interest on unpaid restitution in certain circumstances. Specifically, Mr. Mehryar argues that the Clerk may not assess interest on unpaid restitution in a case such as his where the restitution order is silent about interest, no judgment has been entered in favor of the victim, and the restitution order has not been docketed as a judgment. Participating in the hearing were the Commonwealth, the defendant, the County Attorney, and the Clerk of the Circuit Court. At the conclusion of the hearing, the Court took the motion under advisement. For the reasons stated below, the motion is granted.

### Facts

The facts of this case are as follows. In 1997, Mr. Mehryar pleaded guilty to one count of malicious burning in violation of Va. Code § 18.2-80. The defendant had set two separate fires that caused extensive damage to an office building in Reston, Virginia, owned by the National Council of Teachers of Mathematics (the "Teachers"). At sentencing, the defendant received a five-year sentence, with three years suspended. The defendant was placed on ten years' probation beginning upon his release from incarceration. A special

condition of the defendant's probation was that he pay restitution to Fairfax County Fire and Rescue (the "Fire Department") in the amount of $34,008.48, representing the costs of fighting the fires. In addition, the defendant was ordered to pay restitution to St. Paul Fire and Marine Insurance Company in the amount of $464,290.18, the amount it paid to its insured, the Teachers. Finally, the defendant was ordered to pay restitution in the amount of $11,963.53 to the Teachers, representing the Teachers' uncovered losses resulting from the fires.

In the final sentencing order, judgment was entered against the defendant in favor of the Insurance Company in the amount of the restitution owed to it. No judgment was entered in favor of the either of the other victims, the Teachers or the Fire Department. Furthermore, the restitution order has not been docketed in the judgment dockets maintained by the Clerk of the Court.

Mr. Mehryar has finished serving his prison sentence and is now on probation. He has paid the Teachers in full. He has entered into a payment plan with the Clerk of the Court whereby he has been paying $400 per month towards the restitution due to the Fire Department. Mr. Mehryar has made little progress, however, in reducing the principal balance of the restitution owed to the Fire Department because the Clerk of the Court is assessing interest on the unpaid balance at the judgment rate, presently 9%. The Clerk applies restitution payments received first to interest. Accordingly, despite Mr. Mehryar's compliance with the payment plan, a substantial amount of restitution is still owed to the Fire Department.

The defendant asserts that the Clerk of the Court has no authority to assess interest on unpaid restitution unless:

(i) the restitution order expressly provides for interest,

(ii) judgment has been entered in favor of the victim, or

(iii) the restitution order is docketed in the judgment docket maintained by the Clerk of the Court, either as a result of an order of the court or the written request of the victim pursuant to Code § 19.2-305.2(B).

The Clerk of the Court and the Fire Department maintain that the Clerk may assess interest on unpaid restitution where the restitution order is silent as to interest, no judgment has been entered in favor of the victim, and the restitution order is not docketed in the judgment book.

## Applicable Law

Deciding the question presented by Mr. Mehryar's motion requires the interpretation and reconciliation of several provisions of the Virginia Code. A brief review of the applicable Code sections is needed.

Virginia Code § 19.2-305(B) authorizes the Court to require a probationer "to make at least partial restitution or reparation to the aggrieved party or parties for damages or loss caused by the offense for which conviction was had."

Code § 19.2-305.1(A) provides that no person convicted of a crime that results in property damage or loss shall be placed on probation or receive a suspended sentence "unless such person shall make at least partial restitution for such property damage or loss."

At the time of sentencing, the court "shall determine the amount [of restitution] to be repaid by the defendant and the terms and conditions thereof" and the court "shall include such findings in the judgment order." Code § 19.2-305.1(C).

Code § 19.2-305.4 permits the Court to order interest on any restitution owed commencing on the date of the loss or damage.

Under Code § 19.2-305.2(B), "an order of restitution may be docketed as [a civil judgment] provided in § 8.01-446 when so ordered by the court or upon written request of the victim, and may be enforced by a victim named in the order to receive the restitution in the same manner as a judgment in a civil action."

Under Code § 8.01-446, the Clerk of Court must docket all civil judgments. A restitution order in a criminal case that is docketed pursuant to Code § 19.2-305.2(B) "shall have the same force and effect as a specific judgment for money and shall state that it is an order of restitution in a specific amount in favor of a named party, against a named party, with that party's address, if known, and it shall further state the time from which the judgment bears interest." Code § 8.01-466.

The Clerk of the Court argues that the provisions of Code § 19.2-305.4 (permitting the Court to order interest on any restitution owed commencing on the date of the loss or damage) necessarily implies that if the restitution order is silent about interest, then interest commences on the date the order is entered. The Clerk refers the Court to Code § 8.01-382, which provides, among other things, that in "any action at law or suit in equity," the judgment of the court "may provide for interest on any principal sum awarded, or on any part thereof, and fix the period at which the interest shall commence." If the judgment is silent as to interest, "the judgment or decree shall bear interest from its date of entry, at the [judgment rate]."

The County Attorney (who represents the Fire Department) relies on Code § 8.01-426 as support for the authority of the Clerk to assess interest from the entry of the restitution order under the facts of this case. That section states that "a decree or order requiring the payment of money, shall have the effect of a judgment for such ... money, and be embraced by the word

'judgment,' where used in this chapter or in Chapters 18, 19, or 20 of this title or in Title 43."

The Court disagrees with the position of the Clerk and the County Attorney. Code § 8.01-382, which provides that if the judgment is silent as to interest, "the judgment or decree shall bear interest from its date of entry, at the [judgment rate]" is limited by its terms to "any action at law or suit in equity." A felony criminal prosecution is not an action at law or a suit in equity. Secondly, a criminal restitution order may be enforced as a civil judgment under Code § 8.01-466 only when the order has been docketed under the authority of Code § 19.2-305.2(B). The restitution order in this case has never been docketed in the judgment dockets maintained by the Clerk.

The Fire Department's reliance on Code § 8.01-426 is similarly misplaced. That section provides that "a decree or order requiring the payment of money" is "embraced by the word 'judgment,' where used in this chapter [Chapter 17] or in Chapters 18, 19, or 20 of this title or in Title 43." Nevertheless, Code § 8.01-382, which allows for interest from the date of entry of a judgment that is silent about interest, is neither codified in Chapters 17, 18, or 19 of Title 8.01, nor is it found in Title 43. Therefore, a criminal restitution order, although "a decree or order requiring the payment of money," is not governed by Code § 8.01-382.

Having considered all of the applicable provisions of the Virginia Code, I conclude that the Clerk may assess interest on a criminal restitution order in one of the following circumstances:

(1) The restitution order specifically provides for interest;

(2) The Court has expressly entered judgment against the defendant in favor of the victim for the restitution owed;

(3) The Court specifically orders that the restitution be docketed as a judgment pursuant to Code § 19.2-305.2(B); or

(4) The victim affirmatively requests in writing that the restitution order be docketed pursuant to Code § 19.2-305.2(B).

See 1987-88 Ops. Atty. Gen. 305 (opining that "interest accrues on court-ordered restitution *docketed as a judgment pursuant to § 19.2-305.2*") (emphasis added).

In this case, the restitution order is silent as to interest on restitution owed to the Fire Department. Judgment has not been entered in favor of the Fire Department. The restitution order has not been docketed under Code § 19.2-305.2(B) by order of the Court or written request of the victim. Therefore, the Clerk was in error in assessing interest on the restitution owed to the Fire Department by the defendant.

*Conclusion*

For the foregoing reasons, the defendant's Motion is granted. The Clerk of Court shall not assess interest on the restitution owed by Mr. Mehryar to the Fire Department unless and until the restitution order is docketed pursuant to Code § 19.2-305.2(B). The Clerk shall credit the amounts heretofore designated as interest to the restitution principal.